IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. IV) | : : : | Consolidated Under MDL DOCKET NO. 875 |
| ROBERT W. MILLSAPS, et al. | : : | E.D. PA No. 10-cv-84924 |
| v. | : : | Transferor Court: |
| ALUMINUM COMPANY OF AMERICA, et al. | : | TN-E 3:10-cv-00358 |

FILED
SEP 2 8 2012
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## ORDER

AND NOW, this 27th day of September, 2012, having reviewed the fifty document sample of items listed on Defendant ALCOA's Third Supplemental Document Production Privilege Log which were submitted for *in camera* review, it is hereby **ORDERED** that Plaintiff's Motion to Strike Privilege Log and For Sanctions [Docket #94] is **GRANTED IN PART, DENIED IN PART**, and I make the following findings:

(1) Defendant ALCOA has properly withheld these documents under a claim of attorney client/privilege and/or work product[1]:

> Document Nos. 36; 37; 45; 86; 132; 154; 157[2]; 302; 307; 332; 404; 417; 446; 492; 83; 84; 105; 106; 108; 116; 128[3] 155; 323; 439; 493; 494; and 403.

(2) Defendant ALCOA has not met its burden to establish attorney/client privilege or work product as to the following documents which must be disclosed to Plaintiff's Counsel by October 3, 2012, without redaction:

> Document Nos. 30; 4; 31[4]; 43; 44; 119; 122; 123; 203; 214[5]; 466; 206; 207; 117; 208; 209[6]; and 210.

---

1  I will list the documents according to the order in which they are included in the binder marked "Privilege Log Submission For *In Camera* Inspection."
2  This document is identical to the document marked "45."
3  This document is identical to the document marked "116."
4  This document is identical to the document marked "30."
5  This document is identical to the document marked "203."
6  This document is identical to one of the pages in the document marked "207."

1

(3) As to the following documents, Defendant ALCOA has met its burden to establish that portions of these documents are properly withheld under a claim of privilege, however, the remainder of these documents are not privileged. Therefore, ALCOA is directed to disclose copies of these documents to Plaintiff's Counsel by October 1, 2012, in full with the following exceptions:

>Document Nos. 248 *[redacted on the bottom of page 3 through the beginning of page 4, to include the entire notation at 14:50]*;
>249 *[redacted on page 4, the section marked "Legal Issues]*;
>391 *[redacting the entire pages which are Bates Stamped WENS 013037; WENS 013039; WENS 013044-013046; WENS 013051; WENS 013052-013055; and WENS 013058 -013059]*;
>322 *[redacting the entire page which is Bates Stamped 010WAR01_00107389]*;
>325 *[redacting the entire pages which are Bates Stamped 010WAR01_00107399; AND 010WAR01_00107402]*;
>328 *[redacting the entire page which is Bates Stamped ALWAR2 138385]*[7];

BY THE COURT:

_____
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE

By E-mail to: the Honorable Eduardo C. Robreno
| | |
|---|---|
| Mona Lisa Wallace, Esq. | mwallace@wallacegraham.com |
| John S. Hughes, Esq. | jhughes@wallacegraham.com |
| Gregory F. Coleman, Esq. | greg@gregcolemanlaw.com |
| John A. Lucas, Esq. | jlucas@merchantgould.com |
| John T. Winemiller, Esq. | jwinemiller@merchantgould.com |
| Beverly M. Bond, Esq. | bbond@hptylaw.com |
| Susan Egeland, Esq. | segeland@hptylaw.com |
| Barret Marshall, Esq. | bmarshall@hptylaw.com |
| John C. McCants, Esq. | mccantsjc@fpwk.com |
| Steven L. Hurdle, Esq. | shurdle@adhknox.com |

---

7   This document is identical to the document marked "322."

2