IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS<br>LIABILITY LITIGATION (No. IV) | : <br> : | Consolidated Under<br>MDL DOCKET NO. 875 |
| ROBERT W. MILLSAPS, et al. | | E.D. PA No. 10-cv-84924 |
| v. | | |
| ALUMINUM COMPANY OF AMERICA, et al. | | Transferor Court:<br>TN-E 3:10-cv-00358 |

FILED
\- 2 2012
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

**MEMORANDUM AND ORDER**

Presently before me are various emails which purport to raise, and argue, additional discovery disputes. This case is one of those very rare instances where the continuing contentious relationship between Counsel has derailed the discovery process. The level of distrust between Counsel has shifted the focus from the legitimate gathering of relevant information to name-calling and repeated attempts to point out every perceived infraction. *See September 21, 2012 Letter addressed to me from Plaintiff's Counsel* ("Alcoa has resisted compliance with discovery orders and when it has decided to 'comply,' has simply done a 'document dump' shortly before key depositions in order to attempt to bury documents for an unfair advantage.") and *Alcoa's September 26, 2012 Letter Response* (accusing Plaintiff's Counsel of engaging in "nothing more than 'hardball lawyering' aimed at re-opening 'discovery for intimidation rather than fact-finding.'").

The numerous emergency calls to my chambers to resolve discovery disputes where each side presents selected facts and neglects to provide a complete picture have eroded Counsel's professionalism on both sides. I am hampered by citations to matters outside of this case and selective cooperation between counsel in the form of outside agreements which are not disclosed to me until one party does not honor the terms of the outside agreement. *See N.T. 8/30/12* at pp. 3-4 (where Counsel for Alcoa acknowledges that he was asking me to enforce a side deal between Counsel which varied from my ruling after a conference call held at Counsel's request to resolve a discovery dispute).

It is time to end the discovery process in this case (which closed on June 30, 2012), and permit resolution for this Plaintiff.

I find that both counsel have engaged in conduct which has stalled the process and have taken positions which are not consistent with the fair exchange of relevant discovery. I decline, therefore, to impose costs and fees or any other sanctions. However, I see **no** value in continuing to give Counsel ready access to my standard informal discovery procedures in which I permit Counsel to attempt to resolve minor discovery concerns through telephone conference calls with me or my clerk, reducing the delay between the raising of a discovery concern and a ruling and cutting down on the party's expenses in engaging in motions practice. In this case, the informal discovery process has been used to further outside agenda and has not streamlined the process.

In terms of permitting additional discovery, I will allow Plaintiff to conduct a limited follow-up deposition of Jeff Shockey to be completed within the next 3 weeks. Mr. Shockey's continued deposition is strictly limited to exploring any documents which have been disclosed after the close of discovery, including the additional documents that I ordered must be disclosed after *in camera* inspection. The follow-up deposition of Mr. Shockey may not exceed an additional six hours. Any failure to comply with this Order will be sanctioned, and may be raised in a formal motion for sanctions. I caution both Counsel, however, that any future sanctions motion may only allege improper conduct as to the continued deposition of Mr. Shockey and must be made in good faith.

After the continued deposition of Mr. Shockey has been completed, I will permit Plaintiff to file, if appropriate, an addendum to his previously filed dispositive motion and/or response to Defendant Alcoa's dispositive motion addressing the additional documents and testimony of Mr. Shockey.

Beyond the continued deposition of Mr. Shockey, discovery in this case has been completed. Counsel are expected to cooperate in the next phases of the pretrial process to move this case promptly to remand status.

Consistent with the above discussion, I enter the following order.

AND NOW, this 2nd day of October, 2012, it is hereby **ORDERED** that:

(1) I will **not** accept additional email requests which purport to raise additional discovery concerns.

(2) Discovery in this case is **closed**, except for a follow-up deposition of Jeff Shockey which is limited in scope to questions related to documents produced by Alcoa after the close of discovery. This follow-up deposition may not exceed an additional six hours, and must be completed by October 23, 2012.

(3) Plaintiff may file an addendum to his motion for partial summary judgment and/or his response to Alcoa's motion for summary judgment after the follow-up deposition of Mr. Shockey, if appropriate, and no later than November 5, 2012.

BY THE COURT:

M. FAITH ANGELL
United States Magistrate Judge

By E-mail to: the Honorable Eduardo C. Robreno

| | |
|---|---|
| Mona Lisa Wallace, Esq. | mwallace@wallacegraham.com |
| John S. Hughes, Esq. | jhughes@wallacegraham.com |
| Gregory F. Coleman, Esq. | greg@gregcolemanlaw.com |
| John A. Lucas, Esq. | jlucas@merchantgould.com |
| John T. Winemiller, Esq. | jwinemiller@merchantgould.com |
| Beverly M. Bond, Esq. | bbond@hptylaw.com |
| Susan Egeland, Esq. | segeland@hptylaw.com |
| Barret Marshall, Esq. | bmarshall@hptylaw.com |
| John C. McCants, Esq. | mccantsjc@fpwk.com |
| Steven L. Hurdle, Esq. | shurdle@adhknox.com |